PER CURIAM.
The appellee filed suit against his wife for divorce on the ground of extreme cruelty. The defendant answered denying fault,' and counterclaimed for alimony unconnected with divorce, charging the husband with extreme cruelty, habitual intemperance and adultery. The defendant wife moved for temporary alimony and attorney fees. By an order dated February 16, 1970, the trial court awarded, as temporary alimony, $67.50 per month, representing one half of the wife’s monthly rent. In addition the court allowed her $100 for temporary attorney fees and suit money. Thereupon, the wife, through her attorney, served notice for the taking of discovery depositions of the plaintiff and three witnesses, and moved for additional suit money. The latter motion was denied by an order dated March 24, 1970. The defendant wife filed interlocutory appeals from those orders. The appeals were consolidated here for briefing and argument.
The record reveals that the plaintiff husband is a student, taking a premedical course at Florida Atlantic University; is employed in a hospital where he earns $100 per month; and that he resides in his parents’ home and receives some additional financial assistance from them. It was disclosed that the defendant wife also is employed, earning approximately $50 < per week.
On considering the financial status of the parties, we do not find basis on the record of this case to hold that the trial judge’s orders for these temporary allowances represented an abuse of discretion.[1]
Affirmed.

. On final hearing the trial court can. then determine proper amounts to be awarded to the wife for alimony, attorney fees and her costs based on the circumstances of the case. The failure of the trial court to award additional suit money to the de *576 fendant wife well may have been in the interest of the parties as a means of deterring them in engaging in a costly controversy unnecessarily, where their financial status was such as to indicate a need for a minimum of expense in this litigation.